# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| Kim Roberts-Sliwa | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 CV 50154 |
| | ) | Magistrate Judge Iain D. Johnston |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In her opening brief, plaintiff Kim Roberts-Sliwa raised one, very specific argument for remand. She argued that the administrative law judge ("ALJ") erred in finding that plaintiff's ability to do light work (this finding itself is *not* challenged) would allow her to perform her past relevant work as "cashier/stocker" at a liquor store, not as she *actually* performed that job but as it is *generally* performed. The ALJ relied on the testimony of the vocational expert who agreed that plaintiff was not able to do the liquor store job as actually performed because it involved lifting cases of liquor weighing up to 60 pounds. However, the VE found that plaintiff could do this job as it is "normally performed" according to the Dictionary of Occupational Titles. R. 64. In her opening brief, plaintiff asserted that the ALJ erred by not inquiring into alleged inconsistencies in the VE's testimony.

In its response brief, the Government argued that there were no inconsistencies and that the ALJ did not otherwise commit any error in analyzing or characterizing the nature of the past relevant work and that any errors were harmless. In addition to these arguments, the Government argued that plaintiff forfeited any objections because her counsel at the hearing was given ample

---

[1] Nancy A. Berryhill has been substituted for Carolyn W. Colvin. Fed. R. Civ. P. 25(d).

1

opportunity to ask questions—and, in fact, did ask some questions—but failed to raise any of the alleged inconsistencies now being raised before this Court. To support its argument, the Government has cited to several Seventh Circuit cases. *See* Dkt. #10 at 7 (citing, among other cases, *Donahue v. Barnhart*, 279 F.3d 441, 447 (7th Cir. 2002) and *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004) ("However, because Barrett's lawyer did not question the basis for the vocational expert's testimony, purely conclusion though that testimony was, any objection to it is forfeited.")). The Government has also argued that, as a matter of policy, forfeiture makes sense to keep plaintiffs from getting a second bite of the apple. *See* Dkt. #10 at 11 ("By not requiring Plaintiff or her attorney to question the VE at the time of the hearing, when the VE could have [] further explained or clarified any of Plaintiff's or her attorney's concerns, this Court would effectively give Plaintiff and all future claimants a second bite at the apple. It would send a signal to all future litigants that if they think there is some unresolved inconsistency or issue about a job the VE testifies about, rather than ask clarifying questions or challenge the VE's conclusion at the hearing so the VE could resolve any ambiguity, the more strategic decision would be to stay silent, and challenge the sufficiency of the VE's testimony if the ALJ's decision is not to their liking.").

Having reviewed the Government's brief, the Court finds it persuasive both on the merits and on the forfeiture argument. The brief was 15 pages, provided a thorough discussion of the Government's position, and included a number of Seventh Circuit cases to support that position. Significantly, plaintiff chose not to file a reply brief, thereby depriving the Court of the benefit of plaintiff's response to these arguments. Plaintiff's decision was not due to inadvertence. When this Court recognized that plaintiff had not filed a reply brief by the time required under the Local Rules, this Court gave plaintiff an additional two weeks to file a reply. Plaintiff's counsel

then immediately filed a one-sentence Notice stating that "he will not be filing a Reply Brief in response to the defendant's brief." Dkt. #12. This decision is an implicit concession that the Government's arguments are correct. Stated differently, this decision reinforces the original finding that plaintiff has forfeited these arguments. *See, e.g., Slayton v. Colvin*, 2015 WL 137305, *4 (W.D. Wisc. Jan. 9, 2015) ("plaintiff omitted this argument from her reply brief, so she has abandoned or forfeited it").

Given the persuasiveness of the Government's brief and given plaintiff's decision not to file a reply brief, the Court finds that there is no need to summarize or analyze these arguments here. The Government's arguments are adopted and incorporated herein. *See* Dkt. #10. For the foregoing reasons, plaintiff's motion is denied; the government's motion is granted; and the decision of the ALJ is affirmed.

Date: September 13, 2018          By: _____
                                      Iain D. Johnston
                                      United States Magistrate Judge